[Civ. No. 59841. Second Dist., Div. Five. Nov. 18, 1981.]

MUSIC PLUS, Plaintiff and Respondent, v.
DUANE BAKER, as Chief of Police, etc., et al., Defendants and
Appellants.

COUNSEL

Frank R. Manzano, City Attorney, and Dennis H. Schuck, Assistant
City Attorney, for Defendants and Appellants.

Todd & Siegel and John Sanford Todd, City Attorney (Lakewood), as
Amici Curiae on behalf of Defendants and Appellants.

Caton & Glazer, Gilbert C. Caton, Luke McKissack, Glassman & Browning, Anthony Michael Glassman, Jane D. Saltsman and Frederic M. Smith for Plaintiff and Respondent.

OPINION

ASHBY, J.—The City of Glendale appeals from a judgment declaring that Glendale Ordinance No. 4439 is unconstitutional and permanently enjoining its enforcement.

The ordinance in question regulates the display to minors of drug paraphernalia for sale. In pertinent part it states: "No owner, manager, proprietor, or other person in charge of any room in any place of business selling or displaying for the purpose of sale any device, contrivance, instrument or paraphernalia designed principally or which may be used for smoking or injecting or consuming marijuana, hashish, PCP or any controlled substance as defined in the Health and Safety Code of the State of California (other than prescription drugs and devices to ingest or inject prescription drugs) including but not limited to roach clips, and cigarette papers and rollers designed or commonly used for smoking of the foregoing, shall allow or permit any person under the age of eighteen (18) years to be in, remain in, enter or visit such room unless such minor person is accompanied by one of his parents or his legal guardian." (Art. IV, § 11-80.)[1]

The trial court held the ordinance unenforceable in its entirety upon the ground that it violates due process of law by being impermissibly vague.

In *Music Plus Four, Inc.* v. *Barnet* (1980) 114 Cal.App.3d 113, 125-129 [170 Cal.Rptr. 419], the court held that an essentially similar ordinance of the City of Westminster was not void for vagueness.

A minor difference between the Glendale ordinance and the ordinance upheld in *Barnet* is that whereas the Westminster ordinance refers to paraphernalia "for smoking or injecting" and roach clips, cigarette papers and rollers "designed for the smoking" of certain substances, the Glendale ordinance refers to paraphernalia "designed

---

[1]The ordinance in its entirety is attached as an appendix to this opinion.

*principally or which may be used* for smoking or injecting" and roach clips, cigarette papers and rollers "designed *or commonly used* for smoking" of the substances. (Italics added.)

This difference in language is insignificant when the statute is interpreted to include a knowledge requirement, as was done in *Barnet.* (*Id.*, at p. 128.)

Respondent also contends that the injunction may be upheld on the alternative grounds that the ordinance impermissibly infringes upon speech protected by the First Amendment and violates due process because it is not rationally designed or reasonably related to achieving a permissible state purpose. These arguments were also rejected in *Barnet.* (*Id.*, at pp. 129-132.) The *Barnet* court also rejected arguments based upon equal protection and preemption by state law. (*Id.*, at pp. 129-132.) The Supreme Court denied hearing. For all the reasons indicated in *Barnet*, we find the Glendale ordinance constitutional.

The judgment is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 13, 1982. Kaus, J., did not participate therein.

APPENDIX

"ORDINANCE NO. __4439__

"AN ORDINANCE OF THE CITY OF GLENDALE ADDING
ARTICLE IV TO CHAPTER 11 OF THE GLENDALE
MUNICIPAL CODE, 1964, RELATING TO EXCLUSION
OF MINORS FROM ANY ROOM OR PLACE OF BUSINESS
WHERE DEVICES, CONTRIVANCES, INSTRUMENTS OR
PARAPHERNALIA FOR THE SMOKING OR INJECTION
OF MARIJUANA, HASHISH, PCP, OR ANY CONTROLLED
SUBSTANCE IS DISPLAYED OR OFFERED FOR SALE,
AND PROHIBITING THE GIFT, SALE OR DELIVERY
OF SUCH DEVICES TO MINORS.

"BE IT ORDAINED BY THE COUNCIL OF THE CITY OF GLENDALE:

"SECTION 1.  Article IV is hereby added to Chapter 11 of
the Glendale Municipal Code 1964, by adding thereto the following:

"ARTICLE IV.  Section 11-80.

"Sec. 11-80.  Sale and display of narcotic and other parapherna-
lia--Minors.

"No owner, manager, proprietor, or other person in
charge of any room in any place of business selling or displaying
for the purpose of sale any device, contrivance, instrument or
paraphernalia designed principally or which may be used for
smoking or injecting or consuming marijuana, hashish, PCP or any
controlled substance as defined in the Health and Safety Code of
the State of California (other than prescription drugs and
devices to ingest or inject prescription drugs) including but not
limited to roach clips, and cigarette papers and rollers designed
or commonly used for smoking of the foregoing, shall allow or
permit any person under the age of eighteen (18) years to be in,
remain in, enter or visit such room unless such minor person is
accompanied by one of his parents or his legal guardian.

"Sec. 11-81.  Persons excluded--Minors.

"A person under the age of eighteen (18) years

shall not be in, remain in, enter or visit any room in any place of business used for the sale or displaying for sale, device, contrivance, instrument or paraphernalia designed principally or which may be used for smoking, injecting, or consuming marijuana, hashish, PCP, or any controlled substance (other than prescription drugs and devices to ingest or inject prescription drugs) including but not limited to roach clips, and cigarette papers and rollers designed or commonly used for smoking the foregoing, unless such person is accompanied by one of his parents or his legal guardian.

" Sec. 11-82.  Sale and display rooms.

"A person shall not maintain in any place of business to which the public is invited, a display for sale, or the offer to sell therein, any device, contrivance, instrument or paraphernalia designed principally or which may be used for smoking, injecting, or consuming marijuana, hashish, PCP, or any controlled substance (other than prescription drugs and devices to ingest or inject prescription drugs) including but not limited to roach clips, and cigarette papers and rollers designed or commonly used for smoking the foregoing, unless such devices, contrivances, instruments or paraphernalia are maintained within a separate room to which minors not accompanied by a parent or legal guardian are excluded. Each entrance to such room shall be sign-posted in reasonably visible and legible words to the effect that persons under the age of eighteen (18) years are prohibited from entering such room unless such minor is accompanied by one of his parents or his legal guardian.

"**Sec. 11-83.  Same--Nuisance**.

"The distribution or possession, for the purpose of sale, exhibition, or display in any place of business from which minors are not excluded as set forth in section 11-80, and where devices, contrivances, instruments or paraphernalia designed principally or which may be used for smoking, injecting, or consuming marijuana, hashish, PCP, or any controlled substance (other than prescription drugs or devices to ingest or inject prescription drugs) including but not limited to roach clips, and cigarette papers and rollers designed or commonly used for smoking the foregoing, is hereby declared to be a public nuisance, and may be abated pursuant to the provisions of State law. This. remedy is in addition to any other remedy provided by law, including the penalty provision applicable for violation of the terms and provisions of this Code.

"SECTION 2.  The City Council hereby declares that it would have passed this ordinance sentence by sentence, paragraph by paragraph and section by section, and does hereby declare that the provisions of this ordinance are severable and, if for any reason any sentence, paragraph, or section of this ordinance shall be held invalid, such decision shall not affect the validity of the remaining parts of this ordinance.

"Passed by The Council of the City of Glendale on the ___13th___ day of ___March___ 1979.

Mayor

" ATTEST:

City Clerk

CITY ATTORNEY

" DATE 3-9-79 "